SAMUEL PRATT *versus* DANIEL BUNKER.

In an action of trespass against a sheriff, in which he is directly charged, the declaration will be supported by proof that the alleged trespass was committed by one who was acting as his deputy, for whose misfeasance he is by law answerable, although there is no such averment in the writ.

ON EXCEPTIONS to the ruling, at *Nisi Prius*, of APPLETON, J.

TRESPASS for taking personal property. Plea, general issue, with a brief statement to the effect that the taking, if there was any, was by virtue of legal process against one Amos Rines, who was the owner of the property.

The defendant was, at the time of the alleged taking, the sheriff of the county of Somerset.

Plaintiff put in evidence tending to show that, on April 20, 1857, one Williams took and carried away the property, and, after keeping it a few days, sold the same by auction; that the property was the plaintiff's. There was evidence as to the value of the property. It was admitted that said Williams was, at the time of taking the property, a deputy of defendant.

The plaintiff having stopped, the defendant moved for a nonsuit. On motion of plaintiff therefor, the presiding Judge granted leave to amend his declaration by adding a new count, declaring that the trespass was committed by Williams, a deputy of defendant, for whose official acts he is by law answerable. The defendant objected to the amendment.

The motion for nonsuit was overruled. Whereupon a default was entered, subject to the right of defendant to except to the rulings and decision of the Judge.

*G. P. Sewall*, for plaintiff: —

Trespass *vi et armis* may be maintained against the defendant, directly charging him generally, on proof that the taking was by his deputy.

Sheriffs are liable for misfeasance of their deputies. R. S. of 1841, c. 104, § 10.

Pratt v. Bunker.

The original count in the plaintiff's writ was sufficient to hold him on the evidence submitted.

A deputy is the servant of the sheriff, and his act is the act of his superior. In trespass, all are principals, and there was no necessity of naming in the declaration the person employed by the defendant to commit the act complained of. *Grennel* v. *Phillips*, 1 Mass. 530.

The declaration and pleadings in the case under consideration, were precisely the same as in that cited. The defendant having, in his brief statement, justified the act, is estopped to deny that he committed it.

The case cited has not been overruled nor doubted in Massachusetts, nor in this State.

The same principle was affirmed in *Campbell* v. *Phillips*, 17 Mass. 244, and afterwards, by this Court, in *Walker* v. *Foxcroft*, 2 Maine, 270; *Lambard* v. *Fowler*, 25 Maine, 308, and is not now an open question.

If necessary, however, to allege that the defendant took, &c., by Williams, his deputy, the amendment proposed was properly admitted. *Phillips* v. *Bridge*, 11 Mass. 246; 25 Maine, 308.

*Rowe & Bartlett*, for defendant.

The opinion of the Court was drawn up by

CUTTING, J. — The authorities cited by the plaintiff's counsel, fully sustain his proposition, that the action was rightly commenced against the sheriff, without an averment of the misfeasance of his deputy. Had it been otherwise, the amendment was within the discretion of the presiding Judge, since it was for the same cause of action.

It is contended that the trespass proved was by Williams, and, when committed, that there is no proof he was acting under color of legal process, or as a deputy of the defendant. But the plaintiff having proved that Williams took the property and sold the same at auction, and that he was then the deputy of the defendant, taken in connection with the defend-

ant's brief statement, that such acts were done by virtue of legal process against one Amos Rines, who was the owner of the property, was *prima facie* sufficient to maintain the action and to call on the defendant to sustain his justification.

*Exceptions overruled.*

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.